UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JONATHAN ELLINGTON TAYLOR, | Case No. 1:18-cv-00224-TSB |
| Plaintiff, | |
| -v- | Judge Timothy S. Black |
| SELECTION MANAGEMENT SYSTEMS, INC. d/b/a SELECTION.COM, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

Defendant Selection Management Systems, Inc. d/b/a Selection.com and Plaintiff Jonathan Ellington Taylor, by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this case.

**1.    CONFIDENTIAL INFORMATION**

This Order shall apply to all documents, materials, things or information produced during the course of this action that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL" in the following manner: (1) for documents, in a conspicuous manner on each page or section of text that warrants protection, before production to the opposing party or the Court; (2) for testimony, as set forth herein; and (3) for any other alleged trade secret or similarly confidential and proprietary matter, in a manner appropriate to notify properly the opposing party or the Court that the matter is subject to the provisions of this Order.

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced

during discovery (1) that is in good faith designated as such by the producing party, and (2) that, as claimed by the producing party, (a) contains non-public personal information of non-party individuals or (b) constitutes or contains a trade secret or other confidential or proprietary information, research, development or commercial information, including, but not limited to: proprietary technical data regarding current or future commercial products; present or future marketing plans; pricing policies; customer lists; product profit data and projections; confidential financial data of the parties; personal, confidential personnel data and policies; and improved products currently in design, that have been maintained by the producing party as protected trade secret information.

2.  **INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice within a reasonable time after production. If such material has been treated in a non-confidential manner by the receiving party before such supplemental written notice, that shall not be deemed a breach of this Order. However, upon receipt of the supplemental written notice, the terms of this Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

3.  **PERMITTED DISCLOSURE**

    a.  Any information that is designated as "CONFIDENTIAL" by the party or person producing it, shall not be disclosed to any person other than the following:

        i.   the parties;
        ii.  the Court and appropriate administrative personnel;
        iii. outside counsel of record for the parties;

      iv.    members of the legal, paralegal, secretarial, or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

      v.    outside experts or consultants for the parties as permitted herein;

      vi.    court reporters during depositions in which confidential material is marked; and

      vii.    deponents during depositions in which such material is marked.

    b.    Disclosure to those persons listed in paragraph 3(a)(v) may not be made until the person to whom disclosure is to be made is given a copy of this Order and agrees in writing to comply with the terms of this Order. Those persons listed in paragraph 3(a)(vii) who are subject to the control of either party shall be given a copy of this Order after they provide testimony and shall be required to agree in writing to comply with the terms of this Order.

The provisions of this paragraph 3 shall survive final termination of this action.

**4.    FILING WITH COURT**

In the event any party wishes to file with the Court documents that contain or reflect "CONFIDENTIAL" information designated as such by the opposing party, the parties shall follow the Court's procedures for filing documents under seal. The designating party shall be responsible to defend any action to unseal the document by the Court or otherwise. .

**5.    DEPOSITIONS**

A party may designate any portion of a deposition containing Confidential Information (as defined above) as "CONFIDENTIAL" by designating in writing to opposing counsel within 5-day after the deposition transcript is received the specific pages and lines constituting such confidential material.

**6.    TESTIMONY AT HEARINGS OR TRIAL**

In the event any party wishes to place under seal the transcript or portions thereof of testimony containing "CONFIDENTIAL" information provided before the Court at a hearing or

at trial, the Court shall be given the opportunity to determine upon motion by the party seeking to place the testimony or portions thereof under seal whether good cause exists to seal the record in accordance with Fed. R. Civ. P. 26(c). Any party and any interested member of the public can challenge the filing of particular documents under seal.

7. **USE FOR THIS ACTION**

Any person receiving information designated "CONFIDENTIAL" pursuant to discovery in this matter shall make no use of such information, directly or indirectly, except for the purposes of presenting claims or defenses in this action and may not use this information in any other case or dispute nor for any private business or commercial purpose whatsoever.

8. **PRESERVING CONFIDENTIALITY**

The persons receiving confidential information shall take all necessary and proper steps to preserve the confidentiality of information designated "CONFIDENTIAL." Nothing in this Order shall act to prevent a receiving party from using any information designated "CONFIDENTIAL" during depositions, at a hearing or trial of this matter, or in connection with papers filed with the Court, subject to paragraph 4. The parties shall consult with the Court regarding the use of information designated as "CONFIDENTIAL" at a trial or hearing. . The provisions of this paragraph 7 shall survive final termination of this action.

9. **NO WAIVER OF OBJECTIONS**

Nothing contained in this Order: (a) shall be construed as a waiver by a party or person of its right to object to the subject matter of any discovery request, or as an agreement by any party or person to produce documents, supply information or permit entry upon land under Fed. R. Civ. P. 34; (b) shall constitute an admission that any evidence exists or that evidence that may exist is relevant in any way to the issues; or (c) shall be construed as a waiver of any privilege. No party

4

shall be obligated to challenge immediately the propriety of "CONFIDENTIAL" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party.

**10.   AFTER TERMINATION OF ACTION**

Within 30 days after final termination of this action, including appeals or expiration of the time in which to appeal, counsel who has designated documents as confidential shall notify opposing counsel if counsels wants the documents to be destroyed. However, the receiving party may retain any transcripts, exhibits or documents reasonably construed to constitute attorney work-product.

**11.   PUBLIC KNOWLEDGE**

The restrictions set forth in this Order shall not apply to information or material that:

a. Was, is or becomes public knowledge, not in violation of this Order; or

b. Is acquired lawfully by the non-designating party from a third party;

c. Was lawfully possessed by the non-designating party before entry by the Court of this Order;

d. Was independently developed by the non-designating party without resort to information or material produced by the producing party.

e. Is determined by this Court to fall outside of the protections afforded by Fed. R. Civ. P. 26(c).

The provisions of this Order shall apply to each item of information designated "CONFIDENTIAL" until otherwise agreed by counsel of record or the parties or by order of the Court.

**IT IS SO ORDERED.**

Date: 2/21/19

Judge Timothy S. Black

AGREED TO:

/s/ Gregory Gorski
Gregory Gorski
Gorski Law PLLC
100 N 18th Street, Suite 300
Philadelphia, PA 19103
greg@greggorskilaw.com
Phone: 215.330.2100

Matthew A. Dooley (0081482)
O'Toole, McLaughlin, Dooley & Pecora Co., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
mdooley@omdplaw.com

*Attorneys for Plaintiff*

/s/ Kasey L. Bond
Kasey L. Bond (0078508)
Keating Muething & Klekamp
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
kbond@kmklaw.com
Phone: 513-579-6491

*Attorney for Defendant*

9000632.1

6